UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA J. ALTOONIAN,

    Petitioner,                                    Civil No. 5:08-CV-11189
                                                HONORABLE JOHN CORBETT O'MEARA
v.                                                   UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR CONTINUED LEGAL ASSISTANCE AND GRANTING PETITIONER'S MOTION FOR A SECOND EXTENSION OF TIME TO FILE HER POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she sought relief from her convictions for two counts of first-degree murder and one count of felony-firearm.  On June 8, 2010, this Court held the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts.  The Court conditioned this tolling upon petitioner initiating her state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of her state court post-conviction remedies.  On August 5, 2010, this Court granted petitioner a sixty day extension to file her motion for relief from judgment with the state court.

Petitioner has now filed three separate motions for continued legal assistance, as

well as a motion for a second extension of time to file her post-conviction motion for relief from judgment with the state courts. For the reasons that follow, the Court will deny the motions for continued legal assistance, but will grant the motion for a sixty day extension of time for petitioner to file her post-conviction motion for relief from judgment with the state court.

In her three related motions for continued legal assistance, petitioner claims that a fellow inmate named Donna Trapani has been assisting her with the preparation of her post-conviction motion for relief from judgment. However, on July 10, 2010, a prison guard confiscated petitioner's legal documents from Ms. Trapani and charged her with a major misconduct for violating Michigan Policy Directive 04.07.112, which prohibits a prisoner from possessing another prisoner's property, including their legal work. Ms. Trapani was ultimately found guilty of this misconduct. Ms. Trapani wrote both the director of the Michigan Department of Corrections (M.D.O.C.) and the warden at the Huron Valley Women's Complex where petitioner and Ms. Trapani are incarcerated, to seek clarification on whether Ms. Trapani can continue to assist petitioner with the preparation of her post-conviction motion. On July 26, 2010, Patricia Caruso, the director of the M.D.O.C., wrote Ms. Trapani and advised her that there is no provision of the M.D.O.C. that specifically prohibits a prisoner from receiving legal assistance from another prisoner, only that a prisoner is prohibited from possessing another prisoner's legal work in their possession. On August 2, 2010, petitioner received her legal documents back from the prison guards.

Petitioner claims that because of various medical problems, she needs the assistance of Ms. Trapani to prepare and file her motion for relief from judgment. Petitioner therefore requests this Court to order the M.D.O.C. to continue to allow Ms. Trapani to assist petitioner with her post-conviction motion.

As an additional matter, a prisoner has no constitutional right to legal advice from another prisoner. *Shaw v. Murphy*, 532 U.S. 223, 230 (2001). Indeed, prison officials may prohibit or limit "jailhouse lawyering" unless doing so interferes with an inmate's ability to present his grievances to a court. *See Thaddeus-X v. Blatter,* 175 F. 3d 378, 395 (6th Cir. 1999).

In the present case, petitioner has failed to show that the M.D.O.C. has interfered with her ability to present her post-conviction motion to the state courts. As the attached letter from the M.D.O.C. director to Ms. Trapani indicates, there is no M.D.O.C. policy which prevents a prisoner from receiving legal assistance from another prisoner. The M.D.O.C. policy only prevents one prisoner from possessing the legal work of another prisoner. M.D.O.C. policy does not prevent Ms. Trapani or any other prisoner from assisting petitioner with her post-conviction pleadings, it only prohibits that prisoner from retaining possession of petitioner's legal papers. Petitioner can still consult with Ms. Trapani and have her prepare her post-conviction motion, so long as Ms. Trapani does not keep this motion or petitioner's other legal documents in her possession.

Additionally, a trial court in Michigan is authorized to appoint counsel for petitioner in to assist him or her with his or her post-conviction proceedings. See M.C.R.

3

6.505; See also *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). If petitioner continues to need assistance with the preparation of her post-conviction motion, she could request the state trial court to appoint counsel for her. Because petitioner has the ability to file her post-conviction motion with the state courts, this Court will deny her motions for continued legal assistance.

The Court will, however, grant petitioner a second sixty day extension of time to file her motion for relief from judgment with the state trial court. A federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005). In the present case, petitioner has done all that she could reasonably do to file her state post-conviction motion for relief from judgment on time, but was "prevented in some extraordinary way" from filing her motion with the state courts on time. Accordingly, a second extension of time should be granted to petitioner. *See Schillereff v. Quarterman*, 304 Fed.Appx. 310, 314 (5th Cir. 2008).

### ORDER

Accordingly, it is **ORDERED** that petitioner's motions for continued legal assistance [Dkt. ## 12, 13, and 15] are **DENIED.**

**IT IS FURTHER ORDERED** that the motion for an enlargement of time [Dkt. # 14] is **GRANTED.** Petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss

the present petition without prejudice.

If petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim. The petitioner shall re-file her habeas petition with the federal court within 60 days after the conclusion of the state court post-conviction proceedings.

s/John Corbett O'Meara
United States District Judge

Date: March 8, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 8, 2011, using the ECF system, and upon Petitioner at Women's Huron Valley Correctional Facility (WHV) 3201 Bemis Road, Ypsilanti, MI 48197-0911 by first-class U.S. mail.

s/William Barkholz
Case Manager