UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA J. ALTOONIAN,

    Petitioner,

v.

MILLICENT WARREN,

    Respondent,
_____/

Civil No. 5:08-CV-11189
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER GRANTING MOTION TO REOPEN HABEAS PETITION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND ORDER DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS IN THIS CASE**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she sought relief from her convictions for two counts of first-degree murder and one count of felony-firearm. On June 8, 2010, this Court held the petition for writ of habeas corpus in abeyance to permit petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts.

Petitioner has now filed an amended petition for writ of habeas corpus, which is construed as a motion to reopen her petition for writ of habeas corpus and a motion to amend the habeas petition. For the reasons stated below, the motion to reopen the habeas petition is **GRANTED**. The Court will also **GRANT** the motion to amend the habeas

1

petition. The Court will further order that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file a responsive pleading to the amended petition and any additional Rule 5 materials which have not already been provided to this Court within **one hundred and eighty (180)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that her claims have been exhausted with the state courts, her petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court will also grant petitioner's motion to amend her habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend her petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there

any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, the Court will permit petitioner to amend his petition.

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file a response to the amended habeas petition within one hundred and eighty days of the Court's order. [1] A habeas corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

---

[1] Respondent previously filed a response to Petitioner's original habeas petition on September 19, 2008 [Dkt. # 5] and is therefore required to respond only to any issues raised by petitioner in her amended habeas petition which have not already been raised by petitioner in her original habeas petition.

The Court will also order respondent to provide this Court with any Rule 5 materials at the time that it files its supplemental answer that have not already been provided to the Court either by petitioner or respondent. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996). In particular, a respondent is required to provide the Court with any of the pleadings from petitioner's state post-conviction proceedings. *See Watkins v. Straub,* 90 Fed. Appx. 93, 96-97 (6th Cir. 2004).

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if she so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* No. 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

## **ORDER**

Based on the foregoing, the motion to reopen the habeas petition to the Court's active docket is **GRANTED.**

IT IS FURTHER ORDERED That Petitioner's Motion to Amend the Petition for Writ of Habeas Corpus is **GRANTED.**

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and its attachments [Dkts. # 24, 25, and 26] and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file a supplemental answer and produce any Rule 5 materials that have not already been provided by either petitioner in her various pleadings or the respondent within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

                                     s/John Corbett O'Meara
                                     United States District Judge

Date:  February 6, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 6, 2014, using the ECF system and/or ordinary mail.

                                     s/William Barkholz
                                     Case Manager