UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA J. ALTOONIAN,

    Petitioner,                           Civil No. 5:08-CV-11189
                                          HONORABLE JOHN CORBETT O'MEARA
v.                                        UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY AND MOTION FOR PAUPERIS STATUS [Dkt. # 38] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On March 25, 2015, this Court denied the petitioner's application for a writ of habeas corpus and further denied her a certificate of appealability or leave to appeal *in forma pauperis*. *Altoonian v. Warren,* No. 5:08-CV-11189, 2015 WL 1345378 (E.D. Mich. Mar. 25, 2015).

Petitioner has now filed a motion for a certificate of appealability. Petitioner has attached to this motion a motion for *pauperis* status. The Court will treat these motions in part as a motion for reconsideration of the Court's previous decision to deny petitioner a certificate of appealability or leave to appeal *in forma pauperis*. For the reasons that follow, the Court will deny petitioner's motion for reconsideration. The Court will further order that petitioner's motion for a certificate of appealability and the motion to

1

proceed *in forma pauperis* on appeal to be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will deny plaintiff's motion for reconsideration. U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001); *See also Williams v. McGinnis*, 192 F. Supp. 2d 757, 759 (E.D. Mich. 2002). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Williams,* 192 F. Supp. 2d at 759; *MCI Telecommunications Corp. v. Michigan Bell Telephone Co.,* 79 F. Supp. 2d 768, 797 (E.D. Mich. 1999). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Because this Court previously denied petitioner a certificate of appealability when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for a certificate of appealability as a motion for reconsideration of the Court's prior order to deny a certificate of appealability. *See e.g. Jackson v. Crosby,* 437 F. 3d 1290, 1294, n. 5 (11th Cir. 2006). Likewise, because this Court previously denied petitioner leave to appeal *in forma pauperis* when it denied the petition for writ of habeas corpus, the Court will construe petitioner's motion for leave to appeal *in forma pauperis* as a motion for

2

reconsideration of the Court's prior order to deny her leave to appeal *in forma pauperis* in this case. See *Pettigrew v. Rapelje,* No. 2008 WL 4186271, * 1 (E.D. Mich. September 10, 2008).

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

This Court notes that the proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). In light of the fact that this Court has already denied petitioner a certificate of appealability, petitioner should direct her request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

The Court will also order the Clerk of the Court to transfer petitioner's motion to proceed *in forma pauperis* on appeal to the Sixth Circuit. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal

divests this Court of jurisdiction to consider her motion that she be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit.

**IT IS HEREBY ORDERED** that petitioner's motion for a reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer petitioner's "Motion for Certificate of Appealability" [Dkt. # 38] and the "Motion for Pauperis Status" [Dkt. # 38] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: April 30, 2015

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 30, 2015, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                              Case Manager